UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

Jeffrey Osborne,  )
             )
    Plaintiff,  )
             )   1:09-cv-0642-SEB-TAB
    vs.      )
             )
Sun Life and Health Insurance Company,  )
             )
    Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court on Plaintiff's [Docket No. 39] and Defendant's [Docket No. 42] Motions for Summary Judgment, filed on April 26, 2010 and May 24, 2010, respectively, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff, Jeffrey Osborne, brings this action against Defendant, Sun Life and Health Insurance Company ("Sun Life"),[1] pursuant to the civil enforcement provision of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to enforce his rights under the terms of his long term disability plan, which is insured and administered by Defendant. For the reasons detailed in this entry, we GRANT Defendant's Motion for Summary Judgment, and DENY Plaintiff's Motion for Summary Judgment.

---

[1] Defendant Sun Life was named Genworth Life and Health Insurance Company when Plaintiff first applied for long term disability benefits.

## Factual Background[2]

Mr. Osborne worked at Prairie Farms Dairy ("Prairie Farms") as a Cooler Supervisor until August 9, 2003, when he left his position as a result of "pain, which later was diagnosed as reactive arthritis, occipital neuralgia and fibromyalgia." AR 5, SL Osborne 269, 260. As a Prairie Farms employee, Plaintiff participated in an employee welfare benefit plan ("Plan") underwritten by Defendant. The Plan is governed by ERISA, pursuant to 29 U.S.C. § 1003.

In compliance with Plan provisions, Plaintiff applied for long term disability ("LTD") benefits from Defendant on April 13, 2004. Defendant awarded these benefits on May 25, 2004, after receiving medical records diagnosing Plaintiff with reactive arthritis, occipital neuralgia, fibromyalgia, tendonitis, reflux esophagitis, irritable bowel syndrome, obesity, and tobacco addiction. AR 5, SL Osborne 270. Defendant monitored Plaintiff's eligibility for benefits by conducting ongoing reviews of Plaintiff's medical records provided by his medical providers, and requiring Plaintiff to complete Supplementary Statements of Disability.

In order to determine if Plaintiff might be able to obtain employment (in which case, Plaintiff's benefits would terminate pursuant to the Plan), Plaintiff underwent a Functional Capacity Evaluation ("FCE") on January 25, 2007. The FCE identified

---

[2]Although both parties' briefs provide much more extensive versions of the facts related to this case, we need only include those facts relevant to our determination that Plaintiff failed to exhaust his administrative remedies.

numerous job restrictions, but nevertheless left open the possibility that Plaintiff might be able to work a sedentary job, a conclusion with which Plaintiff's attending physician, Dr. Reed, appeared to concur at least for a short period of time.[3] Defendant also investigated whether there were positions of employment available in Indianapolis which Plaintiff was qualified to perform that were consistent with Plaintiff's job restrictions and paid a reasonable wage. This investigation turned up two dispatcher clerk positions that met the requisite criteria.

Based on the most current physical and employment findings, Defendant informed Plaintiff on November 9, 2007, that his long term disability benefits were terminated effective a month prior, specifically, on October 1, 2007. A document entitled "Information and Appeal Rights" was enclosed with the termination letter. The relevant portions state:

> **Appeal of Initial Decision**
> Should you desire a review of the claim decision, you or your duly authorized representative must send a written appeal request to Genworth Life and Health Insurance Company. Your written appeal must be made within 180 days of the date of your receipt of the benefit determination

---

[3] On August 17, 2007, Dr. Reed's statement sent to Defendant reported, "While the above person did do poorly on the RFC [Residual Functional Capacity] tests, I agree that this does not rule out a more sedentary job such as a 'desk' job with little or no lifting and an opportunity to get up and down occasionally." AR 8, SL Osborne 460. However, a change in Dr. Reed's opinion occurred once he learned Plaintiff was going to lose his benefits. On September 26, 2007, Dr. Reed attempted to clarify his position, as reflected in chart notes, which state, "I pointed out to her [Defendant's Senior Benefits Analyst Ellen Kiely] that I saw no reason why they couldn't try this but I did not say it would necessarily work." AR 1, SL Osborne 32. Then, on October 16, 2007, Dr. Reed wrote to Defendant: "I do feel that he [Osborne] is significantly impaired, to the point where he cannot really hold certainly the job that he had, or probably any other type of job at this time." AR 8, SL Osborne 432.

3

addressed to:

> Leader, Disability Management Services
> Genworth Life and Health Insurance Company
> Employee Benefits Group
> 175 Addison Road
> P.O. Box 725
> Windsor, CT 06095-0725

Your request should include your group account number, the name of your employer and your social security number.

**Submission of Additional Information**
Your written request for review should state your reasons for disagreement. You also have the opportunity following this notification to submit written comments, documents, records, and other information to support your position relating to your claim for benefits. Any further review will take into account all comments, documents, records, and other information submitted by you relating to your claim, without regard to whether such information was submitted or considered in the initial benefit determination. If an internal rule, guideline, protocol, or other similar criterion was relied upon in making your benefits determination a statement that such a rule, guideline, protocol, or other similar criterion was relied upon will be provided to you. A copy of such rule, guideline, protocol, or other criterion will be provided free of charge to you upon your request.

**Notification**
You will be notified of a final decision within 45 days following our receipt of your written request for review. If special circumstances beyond our control require an extension of time for processing the appeal, you will be notified in writing of this additional 45-day extension prior to the termination of the initial 45-day period. If Genworth Life and Health Insurance Company does not receive written request from you or your duly authorized representative within 180 days of your receipt of the benefit determination, our claim decision will be final. For plans governed by the Employee Retirement Income Security Act should you disagree with your benefit claims decision following the Plan's review and your appeal, you may bring a civil action under Section 502(a) of the Act.

AR 8, SL Osborne 421.

On July 1, 2008, Plaintiff's attorney, Ms. Davidson, faxed a letter to Defendant's Sun Life Financial, Disability Management unit, requesting copies of Plaintiff's file and the Plan. She also notified Sun Life that Mr. Osborne wished to appeal the November 9, 2007 termination of benefits.[4] Ellen Kiely, a Sun Life Senior Benefits Analyst, first acknowledged receipt of Ms. Davidson's request by a letter dated July 15, 2008, explaining, "We have requested a record production of Mr. Osborne's Long Term Disability file. Upon completion, we will forward [it] to you and at that time the file will be referred for appeal review."AR 7, SL Osborne 379. A follow-up response from Defendant dated July 29, 2008 noted, "The file will now be referred to our Appeals Unit for review." AR 7, SL Osborne 375.

On March 24, 2009, having received no response from Defendant, Ms. Davidson sent a follow-upletter inquiring about the appeal and updating Plaintiff's physical condition by enclosing certain medical records. AR 1, SL Osborne 30. On April 8, 2009, Alan Carr, Benefit Consultant-LTD Appeals, wrote to Ms. Davidson:

> Your letter of March 24, 2009 regarding the determination reached in connection with Mr. Osborne's claim for Long Term Disability (LTD) benefits was referred to me for review and response. . . . Regrettably, the administrative record indicates that your request for appeal was not received within 180 days of the claim determination as afforded by ERISA. The administrative remedy of appeal under this policy has been exhausted, and the administrative record of Mr. Osborne's claim is closed. Therefore, we are returning the package recently provided to us for your records.

AR 1, SL Osborne 29. On May 22, 2009, Plaintiff filed the present action with this

---

[4] By our calculation, the number of days between November 9, 2007 and July 1, 2008 totals 233.

Court.

## Legal Analysis

I.  **Standard of Review**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255. All reasonable inferences continue to be drawn in a light most favorable to the party against whom the motion under consideration is made when the Court considers cross-motions for summary judgment. Gazarkiewicz v. Town of Kingsford Heights, Indiana, 359 F.3d 933, 939 (7th Cir. 2004). However, neither the "mere existence of some alleged factual dispute between the parties," 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes

demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. Id. at 325.

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. See Shields Enterprises, Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element "necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

## II.  Discussion

The facts in this case are not disputed. Thus, the Court is left to determine the legal issues presented. Defendant has asserted that it is entitled to summary judgment because Plaintiff's failure to appeal his denial of benefits within the specified 180 day

time frame constitutes a failure to exhaust administrative remedies. For the reasons explained below, we must agree with Defendant and, thus, award Defendant summary judgment without consideration of the merits of Plaintiff's case.

Although ERISA does not require plaintiffs to exhaust their administrative remedies before bringing suit, one of the goals of mandating internal claims procedures as set out in the statute was to ensure most claims would be determined by the plans, as opposed to the courts. Powell v. A.T. & T. Commc'ns, Inc., 938 F.2d 823, 826 (7th Cir. 1991). To further this goal, "a district court may properly require exhaustion of administrative proceedings prior to the filing of a claim involving an alleged violation of an ERISA statutory provision." Id.

The parties stipulate that Plaintiff did not timely appeal within 180 days of his receipt of the termination letter dated November 9, 2007,[5] despite notice that failure to do so would make the determination final. AR 8, SL Osborne 421. Defendant also points out that Plaintiff did not send his request for appeal to the address specified in the "Information and Appeal Rights" document, and failed to provide additional reasoning or documentation justifying reconsideration of the decision. Plaintiff maintains that this failure should be excused, however, because: (1) Plaintiff relied on Defendant's written misrepresentation that led him to believe that his administrative remedies were exhausted; and (2) Defendant's initial acceptance of Plaintiff's untimely appeal resulted in a

---

[5] Neither party has provided the Court with the date Plaintiff received the November 9, 2007 letter. However, Plaintiff has acknowledged the 180 day deadline expired before Plaintiff requested an appeal on July 1, 2008. Pl.'s Resp. at 1.

8

requirement that Defendant consider the appeal within forty-five days and Defendant's failure to do so means that the untimeliness of Plaintiff's appeal should be excused, pursuant to 29 C.F.R. § 2560.503-1(*l*); and (3) Plaintiff was not provided meaningful access to Defendant's review procedures. We address each of these contentions below.

### A. Plaintiff's Reliance on Defendant's Written Misrepresentation

Plaintiff argues that Defendant should be estopped from claiming that Plaintiff failed to exhaust his administrative remedies, based on language in an April 8, 2009 letter from Defendant which states, "The administrative remedy of appeal under this policy has been exhausted . . . ." AR 1, SL Osborne 29. Plaintiff argues he relied on this statement when filing this lawsuit.

The Seventh Circuit has held that a defendant may be estopped from claiming a plaintiff failed to exhaust his or her administrative remedies if plaintiff can show that he or she "was misled by written representations of the insurer or plan administrator into failing to take an action that would have enabled the claimant to receive benefits under the Plan." Gallegos v. Mount Sinai Medical Center, 210 F.3d 803, 809 (7th Cir. 2000). Wisely, Plaintiff does not argue that Defendant's alleged misstatement caused him to lose benefits he would have otherwise received. Indeed, such an argument would have been preposterous given that the cited assertion by Defendant was not even made until April 8, 2009, more than 10 months **after** Plaintiff's request for appeal. Rather, Plaintiff maintains that he "relied on this statement when he filed this lawsuit in Federal Court." Pl.'s Mem. at 15. Plaintiff perhaps understandably cites no authority for his position

9

entitling him to maintain this lawsuit, despite his failure to timely appeal during the administrative process the loss of benefits determination. We say "understandably" because there is no such legal authority for so unfounded a position as advanced here for an estoppel of Defendant's denial of Plaintiff's appeal.

B.     **Defendant's Acceptance of Plaintiff's Untimely Appeal**

Plaintiff argues Defendant's July 28, 2008 letter, which notified Plaintiff that his "file [would] be referred to our Appeals Unit for review," was an acceptance of Plaintiff's untimely request for appeal. Once that purported acceptance occurred, Plaintiff maintains, Defendant was required to consider the appeal within forty-five, days pursuant to 29 C.F.R. § 2560.503-1(f)(3) and Defendant's "Information and Appeal Rights" document. AR 7, SL Osborne 375. Plaintiff maintains that Defendant's failure to render a decision within that forty-five day dealine means that Plaintiff should "be deemed to have exhausted the administrative remedies available" pursuant to 29 C.F.R. § 2560.503-1(*l*).

29 C.F.R. § 2560.503-1(*l*) states as follows:

> **Failure to establish and follow reasonable claims procedures.** In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

Thus, pursuant to this regulation, we next address whether Defendant has failed to establish or follow claims procedures consistent with the other regulations of 29 C.F.R. 2560.503-1.

The claims procedure with which Plaintiff takes issue was Defendant's failure to render a decision with regard to his appeal within the required forty-five day period, which he argues was in violation of 29 C.F.R. § 2560.503-1(f)(3). That section states:

> Disability claims. In the case of a claim for disability benefits, the plan administrator shall notify the claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, but not later than 45 days after receipt of the claim by the plan.

However, 29 C.F.R. § 2560.503-1(f)(4) also provides: "[T]he period of time within which a benefit determination is required to be made shall begin at the time a claim is filed in accordance with the reasonable procedures of a plan . . . ."

Thus, because Plaintiff's appeal was not properly filed in accordance with Defendant's reasonable 180 day allowable time period, Defendant was not required to render a decision on it at all, much less within the 45 day period prescribed in 29 C.F.R. § 2560.503-1(f)(3).[6]

### C. Plaintiff's Lack of Meaningful Access to Review Procedures

Finally, Plaintiff argues that, assuming he is deemed to have failed in satisfying the requirement that he exhaust his administrative remedies, his failure should be excused because he had not been provided meaningful access to Defendant's review procedures. Plaintiff's alleged lack of meaningful access occurred due to the insurance policy's

---

[6]Plaintiff has cited no authority for his position that Defendant's "acceptance" of his appeal after the 180 day period had expired should excuse its untimeliness, i.e. that it should render the appeal "filed in accordance with the reasonable procedures of a plan," as required by 29 C.F.R. § 2560.503-1(f)(4). Furthermore, we know of no basis on which Defendant was required to treat what is essentially an acknowledgment of a receipt as an acceptance.

implicit requirement that though a participant may appeal an unfavorable decision pursuant to ERISA, there are no specific instructions for perfecting an appeal. Plaintiff cites Spain v. Prudential Ins. Co. of America, 2010 WL 669866 (S.D. Ill. 2010), in support of this theory. In Spain, no provision for an appeals process was included in the Plan, though an administrative appeal process was outlined in the Summary Plan Description ("SPD"). Id. at *5. The SPD, however, "explicitly disclaim[ed] that the SPD [was] part of the Plan." Id. The Court ruled that having entirely omitted any mention of an appeals process in the Plan, the insurance company defendant could not withhold benefits based on the insured's failure to exhaust administrative procedures. Plaintiff argues here that, for the same reasons, appeals procedures outlined in a document external to the Plan is not sufficient to provide participants meaningful access to appeals procedures.

Defendant rejoins noting that it provided Plaintiff with instructions for pursuing an appeal in the "Information and Appeals Rights" document enclosed with the November 9, 2007 letter to Plaintiff. Although admittedly that document was external to the original policy, the procedures summarized there for the benefit of a participant in constitutes sufficient notice of review procedures under 29 C.F.R. § 2560.503-1. Additionally, Defendant contends that Plaintiff has been given notice of his right to appeal under ERISA in the insurance policy itself. The policy provision regarding appeals under ERISA make this case readily distinguishable from Spain, where there was no provision for appeals included in the policy.

We find that because Defendant provided Plaintiff with specific instructions regarding how and where to send appeal materials and established a clear deadline in the "Information and Appeals Rights" document, that suffices as meaningful access to review procedures. Accordingly, Plaintiff's failure to exhaust his administrative remedies forecloses his entitlement to bring an ERISA claim in this Court.

## Conclusion

Having found no genuine issues of material fact underlying Plaintiff's ERISA claim, we hereby <u>DENY</u> Plaintiff's Motion for Summary Judgment and <u>GRANT</u> Defendant's Motion for Summary Judgment, with Final Judgment to be entered accordingly.

IT IS SO ORDERED.

Dated: 03/18/2011

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Edna Sybil Bailey
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
edna.bailey@wilsonelser.com

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE
mdavidson@hankeylawoffice.com